# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GENUFOOD ENERGY ENZYMES CORP., a Nevada corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TAIWAN CELL ENERGY ENZYMES CORPORATION, a private limited company organized under the laws of the Republic of China,<br><br>　　　　Defendants. | Case No.: 2:13-cv-00435-RCJ-CWH<br><br>**ORDER** |

Before the Court is Plaintiff's Ex Parte Application for a Temporary Restraining Order and a Motion for a Preliminary Injunction. For the reasons stated herein, the Court denies Plaintiff's Ex Parte Application for a TRO (ECF No. 5). Further, the Court orders that oral argument regarding Plaintiff's Motion for a Preliminary Injunction (ECF No. 6) will be expedited and set within 14 days of this Order.

I.   **FACTS AND PROCEDURAL HISTORY**

On October 11, 2010, Plaintiff Genufood Energy Enzymes Corporation ("GEEC") and Defendant Taiwan Cell Energy Enzymes Corporation ("TCEEC") entered into a Sole Distributorship and Private Placement Agreement (the "Agreement"). (Complaint, ECF No.

1, at 5). A portion of the Agreement provided for Defendant's investment in GEEC through a private placement of 125,000,000 GEEC common shares to be purchased by Defendant at $0.008 per share, for a total of investment of $1 million. (*Id.* at 11–13). The terms of the private placement were such that $1 million was to be remitted by Defendant in five installments of $200,000 due every other month. The first payment and issuance of corresponding shares were due at the signing of the Agreement on October 10, 2010. (*Id.* at 12). The balance of $800,000 was to be remitted by June 15, 2011. (*Id.*). Allegedly Defendant made the first two payments timely, but made other payments late and in partial. (*Id.* at 21). Plaintiff only issued shares after receiving a corresponding payment. (*See id.*). The final payment completing the $1 million investment occurred on August 18, 2011. (*Id.*) Subsequently, all 125 million shares were issued to Defendant. (*Id.*). The Agreement further provided that in the event of a default in payment, Plaintiff has the right to revise the price per share that is owed by Defendant on the stock purchase. (*Id.* at 12). The pleadings do not allege any default was asserted against Defendant during the course of Defendant's sporadic and untimely payments.

In January 2011, GEEC became a publicly traded company opening at a price of $0.30 per share. Two years later on February 9, 2013, Plaintiff made demand on Defendant in the amount of $17,875,465.50 for payment in accordance with Defendant's alleged breach of contract. On March 14, 2013, after Defendant failed to respond, Plaintiff filed a Complaint against Defendant. The Complaint alleges breach of contract, specifically claiming Defendant failed to remit timely payments under the terms of the private placement investment. As a remedy, pursuant to the default provision within the terms of the private placement agreement, Plaintiff asserts Defendant owes GEEC $17,875,465.50. (Id. at 21). This amount was determined by factoring the amount of shares which were

allegedly subject to the breach of timely payment by the current fair market value of GEEC stock at $0.25 per share.

On March 25, 2013, Plaintiff's counsel became aware of a transfer request issued by Defendant to the share transfer agent, Vstock Transfer, attempting to transfer 884,167 shares of GEEC stock as a "gift." Plaintiff's counsel sent a letter via email to Defendant on March 27, 2013, noticing him that Plaintiff would seek a restraining order to preserve the status quo unless Defendant voluntarily rescinded its attempted transfer within 24 hours. Defendant has not responded. Plaintiff now seeks a temporary restraining order *ex parte* because Plaintiff asserts an ex parte order will minimize the time and opportunity for Defendant to transfer the shares to unreachable third parties." (Ex Parte Application TRO, ECF No. 5, ¶ 9). Plaintiff seeks a preliminary injunction against the further transfer of Defendant's shares because Plaintiff asserts "Defendant will systemically transfer its executable assets to individuals over whom this Court has no jurisdiction, making recovery difficult to impossible." (*Id.* at ¶ 8).

## II.     LEGAL STANDARDS

A temporary restraining order may be granted ex parte only if (1) it clearly appears ... that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Every TRO granted without notice shall ... define the injury and state why it is irreparable and why the order was granted without notice. <u>Reno Air Racing Ass'n., Inc. v. McCord</u>, 452 F.3d 1126, 1130-31 (9th Cir. 2006). "If a [TRO] is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, .

. ." Rule 65(b)(4).

**III.   ANALYSIS**

Plaintiff vigorously argues that it has established a likelihood of success on the merits of its breach of contract claim.  However, the Court cannot reach this argument until it addresses the threshold question that arises anytime a party seeks a restraining order ex parte: has the Plaintiff presented adequate justification for failing to give notice to the Defendant?

The Supreme Court explained that circumstances justifying the issuance of an ex parte order are extremely rare: "Stringent restrictions imposed . . . by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Inc. v. Teamsters*, 415 U.S. 423, 435 (1974).

Plaintiff seeks an ex parte temporary restraining order to restrict Defendant from transferring shares of GEEC stock to unreachable third parties.  The 125,000,000 shares of GEEC stock which were purchased by Defendant are at issue in the breach of contract Action.  Because Plaintiff has knowledge of a recent transfer of 884,167 shares of GEEC stock by Defendant, it contends an ex parte TRO is necessary to reverse the transfer and maintain status quo.  Though Plaintiff's argument may be compelling in a motion for a preliminary injunction, the Court finds it does not meet the stringent requirements to proceed ex parte.  The alleged gift of transferred stock represents only seven percent of the 125,000,000 shares.  The Court is not convinced irreparable injury will occur without an immediate ex parte TRO to stop or reverse the transfer.  Nevertheless, the Court recognizes the urgency of a potential preliminary injunction.  For these reasons the Court

will expedite and hear oral argument regarding Plaintiff's Motion for a Preliminary Injunction (ECF No. 6) within 14 days of this Order.

## CONCLUSION

IT IS HEREBY ORDERED Plaintiff's Ex Parte Application for a Temporary Restraining Order (ECF No. 5) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall serve Defendant with the Complaint (#1); Ex Parte Application for a Temporary Restraining Order and Motion for Preliminary Injunction (## 5,6) along with this Order on or before 5:00 P.M., Friday, April 5, 2013.

IT IS FURTHER ORDERED that Plaintiff shall file proof of service with the Court on or before Monday, April 8, 2013.

IT IS FURTHER ORDERED Defendant shall file a response to Motion for Preliminary Injunction (#6) on or before 5:00 P.M. Thursday, April 11, 2013, and Plaintiff shall file a reply on or before 5:00 P.M. Monday, April 15, 2013.

IT IS FURTHER ORDERED that Oral Argument RE: Motion for Preliminary Injunction is set for Thursday, April 18, 2013 at 12:00 P.M., in Las Vegas Courtroom 4B, before Chief Judge Robert C. Jones.

IT IS SO ORDERED.

DATED: This 4th day of April, 2013.

_____
United States District Judge